# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CYNTHIA JONES, individually, and on behalf of all similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ELECT HOME CARE, LLC, a For Profit Company, f/k/a Elite Senior Care, L.L.C.,<br><br>    Defendant. | No. 14-cv-3018-SHL-dkv |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This is a lawsuit for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiff Cynthia Jones ("Ms. Jones") sued Defendant Elect Home Care ("Elect") on behalf of herself and other similarly situated employees. Ms. Jones alleged that Elect violated the FLSA by failing to pay her and the members of the putative class the appropriate time-and-a-half rate for the overtime hours they worked. Elect allegedly skirted this responsibility by misclassifying Ms. Jones and the members of the putative class as being exempt from overtime pay under the FLSA.

Before the Court is Elect's Motion to Dismiss Ms. Jones's Complaint, filed February 17, 2015. (ECF No. 13.) Plaintiff's response to the motion, which was due March 20, 2015, was filed a day late. (ECF No. 22.) Defendant replied to the response on March 27, 2015. (ECF No. 23.) For the following reasons, Defendant's Motion to Dismiss is GRANTED.

## STATEMENT OF THE CASE[1]

Elect is a Tennessee-based corporation with businesses in Tennessee, Alabama, Missouri and Australia. (Compl., ECF No. 1 at ¶ 11.) In April 2009, Elect hired Ms. Jones, a Tennessee resident, to work from its Memphis, Tenn., location. (Id. at ¶¶ 22, 23.) She worked for the company as an hourly paid employee until March 2014. (Id. at ¶¶ 24, 25.) Ms. Jones asserts that while employed with Elect, she regularly worked between sixty and seventy hours per week performing a variety of services for Elect's clients. (Id. at ¶ 31.) She performed both medical care services, such as taking clients' blood pressure and administering medications, as well as cleaning services, which included doing laundry, ironing, trash removal, washing dishes, sweeping, mopping and dusting. (Id. at ¶¶ 26-27.) In addition to those duties, Ms. Jones asserts that more than twenty percent of her weekly work hours consisted of the performance of general household work. (Id. at ¶ 30.)

Ms. Jones asserts that Elect was aware that she and other similarly situated employees were working in excess of forty hours per week, but the company misclassified them as being exempt workers under the FLSA in order to avoid paying them the time-and-a-half hourly rate required for non-exempt employees under the statute. (Id. at ¶¶ 36-37, 43.) Ms. Jones alleges that Elect either knew its conduct violated the FLSA or acted in reckless disregard of the statute's provisions. (Id. at ¶ 40.) Her Complaint requests an order conditionally certifying a class of similarly situated workers, payment of all wages owed, liquidated damages and attorney's fees and costs.

In its motion to dismiss, Elect argues that Ms. Jones's claims should be dismissed because the facts make it clear that she is exempt from FLSA's overtime pay requirements. It

---

[1] The following facts are gleaned from Plaintiff's Complaint, filed December 29, 2014. (ECF No. 1.)

also contends that once Ms. Jones's claims are dismissed, the class allegations also must be dismissed because an FLSA collective action cannot survive in the absence of a plaintiff with one or more live claims.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). Detailed factual allegations are not required under Rule 8, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Handy-Clay v. City of Memphis, Tenn., 695 F.3d 531, 538 (6th Cir. 2012) (quoting Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

In applying these principles to the facts before it, a court must determine whether the complaint states a plausible claim for relief. Id. That determination is context-specific, but "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief." Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## ANALYSIS

The question the Court must answer in evaluating Defendant's motion to dismiss is, taking all of Ms. Jones's allegations as true, whether she was exempt from the overtime rules of

the FLSA based on the type of work she performed. In the motion to dismiss, Elect asserts that it was exempt from providing Ms. Jones overtime pay under the FLSA's companionship exemption. Plaintiff contends that she has plead sufficient facts to demonstrate that she and other similarly situated Elect employees do not fall within the companionship exemption for several reasons, including that they spent more than twenty percent of their work hours performing general household work. As the following analysis indicates, those claims are without merit.

> Under the FLSA,
>
> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). At the same time, however, the FLSA provides an extensive list of categories of workers whom employers are exempt from paying overtime. This includes the so-called "companionship exemption," which provides an exemption from paying overtime to "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves . . . ." 29 U.S.C. § 213(a)(15).

As defined in the Code of Federal Regulations in place at the time that Ms. Jones worked for Elect, "the term companionship services shall mean those services which provide fellowship, care, and protection for a person who, because of advanced age or physical or mental infirmity, cannot care for his or her own needs." 29 C.F.R. § 552.6. Meal preparation, bed making, washing of clothes and other similar services were included among companionship services. <u>Id.</u> A person also fell under the companionship exemption if his duties included the performance of

4

general household work, so long as that general household work was incidental. Id. In order for this non-client-centered general household work to be considered "incidental," it could not exceed 20 percent of the total weekly hours worked. Id.

In its motion to dismiss, Elect has not disputed that Ms. Jones worked in excess of forty hours per week. Instead, it argues that almost all of the activities Ms. Jones describes in her Complaint qualify as companionship services. Furthermore, it argues that the lone sentence of her Complaint that offers a description of activity that may qualify as non-exempt work is so overwhelmingly vague that it fails to nudge her Complaint across the line from conceivable to plausible.

In describing the duties she performed, Ms. Jones's Complaint asserts that she and others similarly situated "provided medical care services to Defendant's clients, including but not limited to taking patients' blood pressure and administering medications." (Compl. at ¶ 26.) Furthermore, she alleges that they also "provided non-personal cleaning services to Defendant's clients, including but not limited to household laundry, ironing, trash removal, washing dishes, sweeping, mopping, dusting, etc." (Id. at ¶ 27.) In her response to the motion to dismiss, Ms. Jones appears to suggest that these tasks might bring the workers outside of the realm of the companionship exemption. To the extent that she makes that argument, it fails.[2]

---

[2] In her Complaint, Ms. Jones asserts that she was "paid hourly wages for work performed for Defendant's clients as a Certified Nurse's Assistant." (Compl. at ¶ 32.) It is not clear whether Ms. Jones is claiming to be a Certified Nurse's Assistant (CNA) or just that she was paid as one. Defendant asserts that Ms. Jones is not a CNA. But even if she or the members of the putative class were CNAs, it does not change the Court's analysis of her claims. Under the version of 29 C.F.R. § 552.6 in place when Ms. Jones worked for Elect, companionship services did not include the performance of medically related services that were typically performed by trained personnel, such as registered or practical nurses. In Cox v. Acme Health Servs., Inc., 55 F.3d 1304, 1310 (7th Cir. 1995), the court held that, unless the services required training comparable in scope and duration to that of a registered or practical nurse, and the employee performing the tasks had that level of training, those services could not be considered performed by trained

5

First, the medical care services described by Ms. Jones fall squarely within the companionship exemption. See Salyer v. Ohio Bureau of Workers' Comp., 83 F.3d 784, 787 (6th Cir. 1996) (determining that a caregiver who gave her ward his medication, among other duties, was covered by the companionship exemption); Holt v. Witt, No. 06–160–JBC, 2011 WL 6749055, at *3 (E.D. Ky. Dec. 21, 2011) (finding that monitoring vital signs and administering medicines fall within the plain language of the exemption under 29 U.S.C. § 213(a)(15)).

Next, the non-personal cleaning services that Ms. Jones describes in her Complaint – "household laundry, ironing, trash removal, washing dishes, sweeping, mopping, dusting, etc." – also fall within the companionship exemption. The plain language of 29 C.F.R. § 552.6 included within the definition of companionship services "meal preparation, bed making, washing of clothes, and other similar services," which encompassed most, if not all, of the "non-personal cleaning services" Ms. Jones asserts she performed. To the extent that those tasks might fall outside of the description found in § 552.6, they are included in the United States Department of Labor Opinion Letter from March 16, 1995. U.S. Dep't of Labor Op. Letter Fair Labor Standards Act, 1995 WL 1032475, at *1 (March 16, 1995).[3] The opinion letter further elaborates what types of tasks would relate to the personal care of a patient and would thus be the sort of household work that falls under the companionship exemption. The Labor Department declared that "cleaning the patient's bedroom, bathroom or kitchen, picking up groceries, medicine and dry cleaning" would be exempt under Section 13(a)(5) of the FLSA. Id. at *1.

---

personnel. Even if the Court did not embrace this stringent interpretation of 29 C.F.R. § 552.6 proffered by the Seventh Circuit, the acts performed by Ms. Jones are not the sort of medically related services that the regulation contemplates.

[3] Under Auer v. Robbins, 519 U.S. 452 (1997), an agency's interpretation of its own regulation is entitled to deference when the language of the regulation is ambiguous. Because the Opinion Letter in question is interpreting an ambiguous regulation and not creating a *de facto* new regulation, it is entitled to deference. See Christensen v. Harris Cnty., 529 U.S. 576, 588 (2000).

In short, based on the language of 29 C.F.R. § 552.6 and the Department of Labor's interpretation of the regulation, the tasks Ms. Jones asserts she performed, whether medical or "non-personal cleaning services," fall within the companionship exemption of the FLSA and do not warrant overtime pay.

The only remaining section of Ms. Jones's Complaint that could possibly describe work that would bring her and the members of the putative class outside the companionship exemption is her claim that "[m]ore than twenty percent (20%) of Ms. Jones' weekly hours consisted of the performance of general household work." (Compl. at ¶ 30.) Defendant asserts that this lone sentence cannot be the basis for a plausible claim for relief.

In confronting Defendant's argument, Ms. Jones makes several assertions. She argues, correctly, that the employer bears the burden of establishing an exemption under the FLSA. See Corning Glass Works v. Brennan, 417 U.S. 188, 196-97 (1974). So, too, is Ms. Jones correct in asserting that the companionship and other FLSA exemptions are to be "narrowly construed against the employers seeking to assert them and their application is limited to those establishments plainly and unmistakably within their terms and spirit." Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960). Yet, these truths do not absolve Ms. Jones from meeting the strictures set forth in Federal Rule of Civil Procedure 8(a) and the pleading requirements that it establishes and Twombly and Iqbal explicate.

In her response to Elect's motion to dismiss, Ms. Jones claims that her Complaint's assertion that "[m]ore than twenty percent (20%) of Ms. Jones' weekly hours consisted of the performance of general household work" is not a legal conclusion. That language, a paraphrase of the companionship rule adorned only with Ms. Jones's name, could certainly serve as the foundation for a properly stated claim for relief. In order to qualify as such, however, Ms. Jones

must go beyond a "formulaic recitation of the elements of a cause of action" and add some factual assertions that demonstrate that she is entitled to relief.  <u>Twombly</u>, 550 U.S. at 555.  Ms. Jones does not offer any specifics as to how many hours each week were spent doing general household work beyond the general "more than twenty percent (20%)." As important, she does not in any way describe what tasks she completed that would qualify as general household work.  As Defendant points out, if Ms. Jones spent more than twenty percent of her time performing non-client-centered tasks, she would know what they were and could have included them within her Complaint.  Rather than filing an amended complaint which could have provided sufficient factual allegations that may have nudged her claims across the line from conceivable to plausible, Ms. Jones chose to rest on the facts as asserted in her initial Complaint.  As the Court has described, this is fatal to her claims, because, as presented, they fail to state a claim upon which relief could be granted.

Under 29 U.S.C. § 216(b), no employee other than the plaintiff "shall be a party plaintiff to [an FLSA collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  Because Ms. Jones's Complaint fails to state a claim upon which relief could be granted, it forestalls her ability to stand in as a representative for a collective group that has yet to be conditionally certified and has yet to add a single opt-in plaintiff.  The Court need not wait for the promised arrival of Ms. Jones's motion for conditional certification, as it would not alter the fact that her underlying Complaint has failed to state a claim upon which relief could be granted.  Elect's motion to

dismiss is GRANTED.

    **IT IS SO ORDERED,** this 1st day of July, 2015.

                                                 s/ Sheryl H. Lipman
                                               SHERYL H. LIPMAN
                                               UNITED STATES DISTRICT JUDGE